17-4107, Mr. Wilson. Thank you, Your Honor. Scott Wilson appearing on behalf of the appellant, Mr. John Rafal. In this case, there's no dispute between the parties that an error occurred below, that the guidelines were miscalculated in a way that increased Mr. Rafal's guideline range. The only issue now before the court is what's due in the face of that error. And given the Supreme Court's decision in Molina-Martinez, I think the court's course is clear. I believe that this case is on all fours with Molina in that you have a guideline error resulting in the application of the wrong guideline and a judge who based his sentence on the guideline. So just the mere fact that the – that the current sentence would still fall within the appropriate guideline does not mean that this case – that the error shouldn't be recognized in this case for a mandate. When you say based on the guidelines, what you're meaning is that the sentence was within the range of the guidelines. Well, that is true, but I'm also saying that the judge's reasoning was based on the guidelines. Well, but the judge said basically I want 60 months. Well, the judge said at one point that the two cases would result in an 80-month sentence overall. But the only sentence that he says with regard to the sentence in this case is 70 months, that's the low end of the guidelines. To me, that's the only signal we have in this case as to what the judge's reasoning was. Well, it isn't just true that it's just – the judge just said once 80 months. It seemed to use 80 months as an end point. It gave the parties two options and said basically without saying so, it said I want to achieve 80 months. Here's an option A and here's option B and both ways I can get to 80 months. I think option B is better. Here's why. The question is why did the judge choose 80 months? It happens to be the midway point of the guideline range, uncorrected. And I assume that your argument is that that was – must have been a factor because we don't know how the judge chose 80 months. Well, it's not a total mystery. If you say 70 months, the low end of the guideline range, which the judge noted, and then say an additional 10 months for the supervised release violation, yeah, I mean, that's where you get. And the supervised release violation, he basically gave the low end of that guideline range and suspended two-thirds of it. But the fact is that there is no way on this record that this Court can say that it is clear that the sentence chosen in this case is not referenced by the guidelines. There is no other reasoning offered In fact, the sparsity of reasoning would in itself be probably a legal error because the judge is generally required to explain the basis for a sentence more than just of the guideline. But nobody objected to that and we're not objecting to that. So here the guideline, had it been calculated correctly, would have been 63 to 78 months. Your position is that we don't know whether the district judge would have imposed 17 months for the supervised release violation absent sending it back. We don't know. That's correct. But in fact, I think the likelihood is that he would have imposed the low end of the corrected guideline range because the only thing he said was 70 months for this, low end of the guideline range, 10 months and then by implication 10 months for the other thing. I see no reason to believe that the sentence wouldn't be lowered down to the low end of that range in this case. And in fact, Well, it would start there. It would start at 63 months perhaps, but then you still have the matter of the supervised release violation. And the advisory range on that is 30 to 37 months. And so we know that during the initial proceeding, the district court was willing to cut the defendant a break, I  believe. And so the fact that you're saying perhaps should answer this question, because the law requires it to be clear beyond any real debate that the remand would not result in any change. I presume the reason they're arguing that it's clear, and I agree with that, is   I don't think the remand would not result in any change. I agree with you there that is that because the first option the judge gave, the judge said one, I could sentence Mr. Raffal to 80 months in prison and dismiss the supervised release violations. That was option A. Yeah. Then it said or I could sentence to 70 months and do 30 months on the supervised release and with 20 running concurrency. The point is it gave two options both ways. It seemed to want to get to 80 months. The question is why? And I think your answer is actually we don't know why. There's two responses to this. Number one, yeah, I mean, the alternatives. Generally, a judge stating alternatives is not enough. Alternatives that it wants to get to 80 months. Right. But even in cases where the judge says, oh, it could be this range or it could be this range, but either case I'm still going to give this range. Even under those cases, a remand is still required for the judge to actually say that. But I would also say that in this case, the alternatives aren't alternative means of calculating the sentence in this case. This is an alternative means of documenting where the combined sentence might be. Do I just do it in one case or do I do it in a separate one? This is bookkeeping. This is an alternative means of calculating the sentence. And that's the only alternative that's even kind of relevant. The fact is that in Molina, the court says that in order to apply this exception, and it's an exception to a presumption in this in this circuit, that there has to be an extensive explanation of the reason. And that extensive explanation has to be non guidelines based. In this case, there's virtually no explanation. And so by definition, we don't fall within that rule. The government claims in its brief, the government doesn't even assert that they've met this standard. And that's as high as they can go in their briefing. I would say, in fact, it's likely to go the other way. And I can cite to as much in the record as they can. I can actually cite to more. At least I have a statement by the judge that he's giving the low end at one point. So their statement that it's likely is not insufficient in and of itself. Can we take the supervised release violation as a given, even though the district court didn't adjudicate that? We didn't appeal that sentence. So we're not up here on that. Good morning. May I please the court? My name is Jennifer Williams on behalf of the United States. As Mr. Raffal did not object to the error below, this case is on plain error review, which means that it is he that bears the burden of demonstrating both a reasonable probability of a different sentence on remand, and that this court should exercise its discretion to prevent a miscarriage of justice. He has not met his burden of demonstrating either the third or fourth prongs of plain error review. And that is because this case, the sentencing in this case, was a combined sentence for both the newest crimes and the supervised release violations. The 80-month sentence the district court imposed was a sentence for both the new crimes and the supervised release violations. And for that reason, the decision in Molina-Martinez and this Court's previous decisions in cases like Archuleta and Sabayon-Umana aren't on point. And it is the fact that it is a combined sentence which means that he has not demonstrated a reasonable probability of a different sentence on remand. Well, even if the district court did not say, if we have calculated the guidelines incorrectly, and in fact it is 63 to 78 months, I would give 17 months for the supervised release violation. The district court never said that, and you are asking us to assume that. We are basing our argument on the appellant's burden, which is to show a different probability of, to show a reasonable probability of a different sentence on remand. What the district court said was, I want to impose a sentence of 80 months. There are two alternate ways I can arrive at that sentence. Let me interrupt you. The court did not say, I want to impose a sentence of 80 months. That is not clear. It simply talked about, suddenly it gave an 80-month figure. We don't know what that was based on. I think you have to agree to that. Yes, we agree with that. And it certainly could have been based on mid-range 80 months, certainly could have. Well, except after indicating that 80 months was the sentence he wanted to impose, he then used two different methodologies for arriving at that sentence. And he also referred to 70 months being the low end of the guideline range. He certainly was talking, he seemed to be working within the guidelines. Well, that was one of two ways that he thought he could arrive at his ultimate 80-month sentence. One, he did reference the guidelines. One, he didn't. Our contention is that the guidelines were a methodology, one of two methodologies for arriving at the ultimate sentence. But again, the question for the court is whether, not whether he fully explained the reasons for his 80-month sentence because that's not the question before the court. The question before the court is whether, if the court remands, is there a reasonable probability that a different sentence would be imposed. And our position is that because it was a combined sentencing, because he played around with the consecutive concurrent split for the supervised release violation, that there's not a reasonable probability of a different sentence. He decided 80 months was the appropriate sentence. There were a number of ways he could arrive there. And that means that Mr. Raffall has not demonstrated a reasonable probability that should the court remand, a different sentence would be imposed. So the key to our argument is the fact that it was a combined sentence and the fact that the district court judge played around with the concurrent consecutive split. If he had just been sentencing based on the guidelines, he could have imposed a sentence of 70 months and presumptively 30 months to be served consecutively, which is the presumption, which would have been a sentence of 100 months. The low end would have been presumably 70 months plus 30 months, all of which would be served concurrently for a sentence of 70 months. But he didn't. He picked something different. He played around with the concurrent consecutive split to arrive at a sentence of 80 months. Well, if we were to remand and say that it should have been a low end of 63 months, wouldn't you hold your breath a little bit, see what the district court did? No, I don't believe we would. We believe that the district court made it clear that the sentence it wanted to impose was 80 months. And even if the low end of the proper guideline range, well, it is 63 months, the fact that it's a combined sentence and there's also sentencing for the supervised release violation, he could easily arrive at the same sentence. And we believe that the fact that it was a combined sentence and that he can play around with the consecutive concurrent split makes this case different from Molina-Martinez and means that Mr. Raffal, again, it's his burden to show a reasonable probability of a different sentence. And we simply believe he hasn't met that burden. Is Mr. Raffal at risk of a longer sentence on remand, or would that be viewed as retaliation by the judge for having the sentence appealed? That is, is this no downside for the defendant, or could the judge on remand say, you know, I'm going to keep now the 10 months for the supervised release and the concurrent, but I'm now going to raise the other, the drugs and the gun? Well, I believe the district court would have discretion on resentencing. So the court could go up, the court could go up, you think? Well, I believe it could based on what this court says in its remand order. If we only addressed, obviously we just addressed the drugs and the gun, but would there be a risk that if the court went higher that there could be a challenge that that was in retaliation for the defendant appealing? Well, I wouldn't like to speculate that. It's not a permissible exercise of the court's discretion, but I believe he could go up again based on what this court would say in its remand. The government actually asked for more time than that, right? Yes, the government asked for a sentence of around 96 months. If the court has no further questions, we believe Mr. Rafal has failed to meet his burden of demonstrating plain error in this case. Thank you. Just briefly, the government's emphasis on the defendant's burden in this case is misplaced. It's true that we have the burden generally to show that under plain error that there's harm and that this court should exercise its discretion. But what the Supreme Court clearly states in Molina is that that burden is met when you show a guideline calculation error, that the defendant meets his burden by showing that. In answer to your question, Judge Adbell, yes. On remand, the defendant could face a higher sentence, could be based under pepper on whatever he's doing in prison. By the same token, it injects more uncertainty because he could be doing very well, could be doing wonderfully, and that could also be taken into account on remand. So it just means to emphasize how uncertain we are at this stage, what a judge would do to face appropriate guideline. Thank you. Thank you for your arguments. The case is submitted.